[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The circumstances giving rise to this suit are best summarized by the following stipulation, argued to and submitted by the parties to comprise the factual basis for the courts decision:
1. On Friday, February 18, 1994, the plaintiff caused a writ of garnishment to be served upon the Bank directing it to garnish the accounts of its depositor, Technographic Art, Inc. ("Technographic"). A true and accurate copy of the garnishment is attached hereto as Exhibit A.
2. On February 18, 1994, there existed two accounts with the Bank in the name of Technographic's with balances $392.48 and $15,745.63.
3. On February 22, 1994, the Bank exercised a right of setoff against the accounts.
4. Under § 52-367a of the Connecticut General Statutes, the Bank had until midnight of the next banking day, or midnight of February 22, 1994, to exercise a right of setoff. CT Page 2169
5. Under § 52-367a of the Connecticut General Statutes, Saturday does not constitute a banking day.
6. Monday, February 21, 1994, was a bank holiday and, therefore, not a banking day for purposes of § 52-367a.
7. The setoff was timely under the statutory framework.
8. As of February 18, 1994, Technographics was indebted to the Bank in the mount of $165,000.00 under a Loan and Security Agreement.
9. A true and accurate copy of the Amended and Restated Loan and Security Agreement executed by the Bank and Technographics is attached hereto as Exhibit B.
10. The Amended and Restated Loan and Security Agreements states that:
 [Typographic] hereby grants to [the Bank] a right of set-off against all monies, deposits and securities and the proceeds thereof, now or hereafter held or received by, or in transit to, [the Bank] from or for [Typographic], whether for safekeeping, pledge, custody, transmission, collection or otherwise, and all deposits (general or special), balances, sums and credits with and all claims of [Typographic] against [the Bank] at any time existing. [the Bank] may at any time apply the same or any part thereof to the Obligations, or any part thereof, whether or not matured at the time of such application.
11. On or about July 20, 1994, in an action known as TheTypehouse, Inc. v. Technographic Art. Inc., Docket No.: CV-94-03583358, judgment entered in favor of Typehouse in the amount of $5,337.00.
Because of the setoff, the plaintiff was unable to recover on its judgment against Technographic Art, Inc. and in this action seeks to recover that sum from the defendant.
 I
The plaintiff's first argument is that the right of setoff was "improper" as to the plaintiff because it was not a party to the "Amended and Restated Loan Agreement" between Technographic and the defendant bank. CT Page 2170
The plaintiff then states there was no privity of contract, required to enforce a contractual obligation.
This claim overlooks the obvious fallacy to its applicability — the plaintiff is not seeking to enforce a contractual obligation. It had no contractual relationship with this defendant.
To adopt the plaintiff's reasoning, for a bank to effect a setoff, every creditor of a debtor of the bank would have to be made a party to the setoff agreement. This is not required by the statute governing setoffs and must be rejected out of hand as placing an impossible burden on the mercantile and banking fields.
 II
The plaintiff next asserts that the defendant "failed to exercise the right of setoff in good faith" and that the equities weigh in favor of this plaintiff.
This claim seems to be based on the premise that Technographic was not in default nor insolvent when the defendant exercised its right to setoff.
Whether it was or not, the terms of the set-off permitted the defendant to do what it did — take possession of a sum of money which was about to be removed from its control to a third party. This is what banks use setoffs to accomplish.
Except for the bald statement that the bank lacked good faith and its action was inequitable, the plaintiff offers no case law or other basis to support this claim.
The court therefore rejects this argument.
 III
Finally, the plaintiff argues that the defendant should not be permitted to assert its right of set-off for sums in excess of what Technographic actually owed on the date in question.
This argument overlooks the language of the setoff agreement and the purpose of such agreements. It also ignores a fact both CT Page 2171 parties stipulated to — that the defendant was owed $165,000.00 on February 18, 1994.
 IV
The defendant's brief cites cases governing the use of right of setoff, noting they are proper and valid when executed by and between a debtor and a creditor bank. (Citations omitted).
While this particular set-off grants considerable latitude to the bank, it was nevertheless the contract between the parties. It is not unusual for them to be employed, often being the means by which a debtor stays in business. The defendant argues that a creditor bank is entitled to offset a debtor's checking account against unmatured portion of indebtedness where the agreement executed by the debtor authorized the bank to charge any indebtedness of the depositor, whether matured or not, citingFirst National Bank of Gainsville v. Appalachian Industries,Inc., 146 Ga. App. 630, 247 S.E.2d 422 (1978) andBonhiver v. State Bank of Clearing, 29 Ill. App.3d 794,803, 331 N.E.2d 390, 397 (1975).
Finally, the defendant notes Connecticut law permits the procedure utilized by this defendant after receipt of notice garnishment. § 52-367a, C.G.S.
 V
In essence, the plaintiff is asking this court to ignore a valid contractual relationship between Technographic and the defendant bank. It cites no legal basis for such action, in fact such a result would be contrary to established legal principals and case law. Bank of Boston v. Schlesinger,220 Conn. 152, 159 (1991), citing Jay Realty, Inc. v. AhearnDevelopment Corp. , 189 Conn. 2, 55 (1983).
Conclusion
Judgment may enter for the defendant. It is entitled to taxable costs.
Anthony V. DeMayo Judge Trial Referee CT Page 2172